IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW HALL,                              :
                                          :
            Plaintiff,                    :
                                          :
v.                                        :        CIVIL ACTION NO.
                                          :        1:13-CV-01964-WSD-JCF
HSBC MORTGAGE SERVICES, INC.,             :
                                          :
            Defendant.                    :

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion to Dismiss.  (Doc. 4).

Because Plaintiff's Complaint fails to state a claim on which relief can be granted,

it is **RECOMMENDED** that Defendant's motion be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY[1]

On September 29, 2005, Plaintiff obtained a loan from Fieldstone Mortgage

---

[1] These facts are taken from Plaintiff's Complaint (Doc. 1) and documents attached to the Complaint (*see* Doc. 1-1) and Defendant's motion to dismiss (*see* Docs. 4-2 through 4-5), which relate to the loan transaction, assignment, and foreclosure proceedings at issue.  In ruling on a motion to dismiss, the court may consider documents attached to the motion and response if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged").  The Court may also take judicial notice of public records, such as real estate records and court filings.  *See Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

Company in the amount of $191,292.00, as evidenced by a Promissory Note executed by Plaintiff.  (Doc. 1 at ¶ 6; Doc. 4-2).  Plaintiff also executed a Security Deed granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fieldstone and its successors and assigns, a security interest in property located at 4095 Jackie Drive, Douglasville, Georgia, to secure Plaintiff's indebtedness under the Note.  (Doc. 1 at ¶¶ 6, 7; Doc. 4-3).  The Security Deed granted MERS and its successors and assigns, among other things, "the right to foreclose and sell the Property[.]"  (*See* Doc. 4-3 at 3).  The Security Deed was recorded on October 5, 2005 at Deed Book 2234, Page 1010 of the Douglas County, Georgia real property records.  (*See id.* at 1).

On June 25, 2010, MERS, as nominee for Fieldstone, executed an Assignment effective April 5, 2010 in which it transferred all of MERS's interest in the Security Deed to HSBC.  (Doc. 1 at ¶ 10; Doc. 4-4).  The Assignment was recorded on July 1, 2010 at Deed Book 2875, Page 277 of the Douglas County, Georgia real property records.  (Doc. 4-4).

Plaintiff defaulted on the loan, and HSBC conducted a foreclosure sale on July 6, 2010, as evidenced by the Deed Under Power recorded on August 4, 2010 at Deed Book 2882, Page 312 of the Douglas County, Georgia real property records.  (Doc. 1 at ¶ 10; Doc. 4-5).  After the foreclosure, HSBC demanded possession of the property and initiated dispossessory proceedings against Plaintiff

on August 11, 2010.  (Doc. 1 at ¶ 11).[2]

On May 15, 2012, HSBC mailed Plaintiff a statement in which it requested a payment of $20,913.60, including a "standard payment" of $913.26 and a past due amount of $19,178.46.  (Doc. 1 at ¶ 12; Doc. 1-1 at 28).  Plaintiff issued a check to Defendant for $913.26 on June 26, 2012, and on July 3, 2012, Defendant cashed the check.  (Doc. 1 at ¶ 13; Doc. 1-1 at 29).

On June 12, 2013, Plaintiff filed a Complaint against HSBC asserting claims for breach of contract (Count One); wrongful eviction (Count Two); and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count Three).  (Doc. 1).  In lieu of an answer, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted.  (Doc. 4).  Plaintiff filed a response (Doc. 9), and Defendant filed a reply (Doc. 10).  Briefing is complete, and the Court now considers Defendant's motion.

## DISCUSSION

### I.    Motion to Dismiss Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more

---

[2] Plaintiff had not been evicted as of the filing of his response brief.  (*See* Doc. 9 at 9).

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. A complaint is not sufficient "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). To be plausible, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007) (unpublished decision) (affirming the district court's order granting a motion for judgment on the pleadings and explaining that "allegations must plausibly suggest . . . a right to relief, raising that possibility above a 'speculative level'; if they do

not, the plaintiff's complaint should be dismissed").

## II.   Plaintiff's Claims

### A.   Breach of Contract (Count One)

"Under Georgia law, the essential elements of a breach of contract claim are (1) breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken." *Adams v. Countrywide Home Loans*, No. 1:11-CV-04263-RWS, 2013 U.S. Dist. LEXIS 66602, at *7 (N.D. Ga. May 9, 2013) (quotation omitted).  Relying on O.C.G.A. § 13-4-4, Plaintiff contends that, because HSBC accepted and cashed Plaintiff's $913.26 check after foreclosing on Plaintiff's property, HSBC's and Plaintiff's "mutual conduct caused a waiver and effected a quasi new agreement which had the effect of reinstating the loan." (Doc. 1 at ¶ 16).   Thus, Plaintiff asserts, HSBC breached that "quasi new agreement" by pursuing eviction of Plaintiff without "re-foreclosing" on the property after giving Plaintiff notice of the "re-foreclosure."  (*Id.* at ¶¶ 17, 19, 20).

Under Georgia law,

> [w]here parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement.  The contract will be suspended by the departure until such notice.

O.C.G.A. § 13-4-4.  "The creation of a quasi-new agreement requires more than breach on the part of one of the parties; there must be mutual departure from the

terms of the contract." *Phillips v. Ocwen Loan Serv., LLC*, No. 1:12-cv-3861, 2013 U.S. Dist. LEXIS 129721, at *18 (N.D. Ga. Sept. 11, 2013). "In order to create such a quasi new agreement, the parties to the original agreement must mutually consent to the departure . . . . The provisions of a written contract may be waived by acts or conduct which justify the other party to believe the express provisions are waived, and even a contractual provision against waiver may be waived by conduct." *Moody Nat'l RI Atlanta H, LLC v. RLJ III Fin. Atlanta, LLC*, No. 1:09-cv-3676-WSD, 2010 U.S. Dist. LEXIS 2819, at *16-17 (N.D. Ga. Jan. 14, 2010) (quotations omitted).

Further, "§ 13-4-4 makes clear that the effect of a quasi-new agreement resulting from a mutual departure from the terms of a contract is not to extinguish the original contract altogether but merely to suspend those terms departed from until reasonable notice is given . . . of an intention to rely on the exact terms of the agreement." *Bulford v. Verizon Bus. Network Servs.*, No. 1:12-CV-3753, 2013 U.S. Dist. LEXIS 125816, at *19-20 (N.D. Ga. Sept. 4, 2013). "Consequently, a mutual departure does not re-write the contract, but only imposes a notice requirement on parties seeking recovery based on the original wording." *Id.* at *20.

The undersigned finds that Plaintiff's reliance on the alleged creation of a "quasi new agreement" is misplaced. Critically, he has failed to allege facts that

plausibly show that there was mutual departure from the terms of the Note or Security Deed.  The fact that HSBC accepted Plaintiff's partial payment of the amount he continued to owe following the foreclosure sale does not show that HSBC departed from the terms of the contract.  Specifically, the Security Deed provides in relevant part, "Any forebearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."  (*See* Doc. 4-3 at 10).  *See, e.g.*, *Phillips*, 2013 U.S. Dist. LEXIS 129721, at *18-19 n.9 (rejecting plaintiff's reliance on defendant's acceptance of partial payment as evidence of mutual departure because that "allegation is precluded by the plain language of the Security Deed and Note," including a provision stating "[a]ny forebearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy").

The Security Deed provides that following a foreclosure sale, the borrower "shall immediately surrender possession of the Property to the purchaser at the sale," and if he fails to do so, "such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law."  (Doc. 4-3 at 13); *see also Vakili v. Wells Fargo Home Mortg.*, No. CV 212-104, 2013 U.S. Dist. LEXIS 103671, at *11 (S.D. Ga. July 24, 2013) ("Where former owners of real property

7

remain in possession after a foreclosure sale, they become tenants at sufferance," and "[t]he exclusive method whereby a tenant may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 et seq." (quotation omitted)). In accordance with that provision, HSBC demanded possession of the property and initiated a dispossessory proceeding in August 2010, a month after the foreclosure sale. (*See* Doc. 1 at ¶¶ 10-12). Plaintiff has not alleged facts to show that HSBC's acceptance of Plaintiff's partial payment in 2012 created a "quasi new agreement" with respect to HSBC's authority to seek to dispossess Plaintiff from the property following the 2010 foreclosure sale. Nor did HSBC's acceptance of that payment "undo" the foreclosure sale such that HSBC was then required to re-initiate foreclosure proceedings to evict Plaintiff from the property.

Because Plaintiff has failed to state a claim for breach of contract under Georgia law, it is **RECOMMENDED** that Defendant's motion to dismiss that claim be **GRANTED**.

### B.    Wrongful Eviction (Count Two)

Under Georgia law, "[i]f the landlord evicts a tenant without filing a dispossessory action and obtaining a writ of possession, or without following the dispossessory procedures for handling the tenant's personal property, the landlord can be held liable for wrongful eviction and trespass." *Vakili*, 2013 U.S. Dist.

LEXIS 103671, at * 12-13 (quotation omitted).  Plaintiff alleges in support of his wrongful eviction claim that, even though his loan was reinstated by virtue of the "quasi new agreement" discussed above, Defendant "continued in its efforts to wrongfully evict Plaintiff from the Property."  (Doc. 1 at ¶ 27).  This claim fails for two reasons.  First, Plaintiff has not yet been evicted from the property, as he concedes (*see* Doc. 9 at 9), and therefore, any potential wrongful eviction claim is premature.  Second, the undersigned has already found that Plaintiff failed to allege facts to support his claim that HSBC entered into a "quasi new agreement" which prevented HSBC from pursuing a dispossessory action against Plaintiff. Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's wrongful eviction claim be **GRANTED**.

### C.     Fair Debt Collection Practices Act (Count Three)

To prevail on a FDCPA claim, a plaintiff must show that:

> (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT-RGV, 2010 U.S. Dist. LEXIS 10636, at *21 (N.D. Ga. Jan. 12, 2010) (quotation omitted).  Plaintiff alleges that "HSBC violated the FDCPA inasmuch as HSBC pursued a debt against the Plaintiff that was not owed to it."  (Doc. 1 at ¶ 33).  "More specifically,

HSBC retained Plaintiff's check, deposited the monies and did not return them to Plaintiff, long after the foreclosure and after the time for pursuing a deficiency judgment had long passed." (*Id.*). Defendant argues that Plaintiff cannot state a claim under the FDCPA because: (1) HSBC is not a "debt collector" for purposes of the FDCPA, and (2) Plaintiff owed the debt that HSBC was attempting to collect. (Doc. 4-1 at 13-16). The undersigned agrees that Plaintiff has failed to state a claim under the FDCPA, and that claim must be dismissed.

Even if the Court assumes for the sake of discussion that HSBC was a "debt collector" under FDCPA, Plaintiff has not alleged facts that plausibly support his claim that HSBC violated the FDCPA by pursuing a debt Plaintiff did not owe. Plaintiff does not dispute that he promised to repay the loan, that he defaulted on the loan, and that HSBC foreclosed on the property. (*See* Doc. 1 at ¶¶ 6, 8-10). The Deed Under Power shows that the property was sold at the July 6, 2010 foreclosure sale for $145,474.35. (*See* Doc. 4-5). Plaintiff does not allege that those proceeds satisfied the amount he owed under the Note and Deed. Plaintiff contends, however, that because HSBC did not confirm the foreclosure sale pursuant to O.C.G.A. § 44-14-161(a), "[a]ny further action by HSBC to recover on the Note after the foreclosure sale . . . is barred." (Doc. 9 at 10). Neither the plain language of the cited statute nor case law supports Plaintiff's position. O.C.G.A. § 44-14-161(a) provides:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, *no action may be taken to obtain a deficiency judgment* unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44-14-161(a) (emphasis added).  "Georgia's confirmation statute does not extinguish the deficiency debt; rather, it limits the creditor's remedies." *Citizens Bank v. Wiggins*, 167 B.R. 992, 994 (M.D. Ga. 1994).  "Mere foreclosure and sale of the property does not release the maker of the note and security deed of his obligation if there is a deficiency."  *Marler v. Rockmart Bank*, 146 Ga. App. 548, 549, 246 S.E. 2d 731, 733 (1978) (quotation omitted).  "It is true that the holder could not sue on the deficiency and obtain a judgment unless the sale was confirmed . . .  But failure to do so does not invalidate the remaining obligation[.]" *Id.* (quotation omitted).

Thus, even if HSBC failed to confirm the foreclosure sale, Plaintiff's debt was not extinguished, and HSBC was not prohibited from requesting Plaintiff to pay the debt that he owed, or from accepting payments on that debt. *See Wiggins*, 167 B.R. at 994 (explaining that, even if a creditor is precluded from suing to recover a deficiency by failing to confirm the foreclosure sale, "a creditor retains the option of selling other security to recover the deficiency, . . . or applying any

money in the creditor's possession to the existing deficiency"); *see also Turpin v. N. Am. Acceptance Corp.*, 119 Ga. App. 212, 217, 166 S.E. 2d 588, 592 (1969) (noting that the plaintiff continued to make payments after the foreclosure sale, and explaining that the plaintiff was "obligated to pay" the "balance unpaid after applying the proceeds of the sale," even though defendant "could not sue on the deficiency and obtain a judgment unless the sale was confirmed by the superior court").

Because Plaintiff has not stated a claim under the FDCPA, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's FDCPA claim be **GRANTED**.

## CONCLUSION

It is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 4) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned.

**It is so REPORTED and RECOMMENDED** this 22nd day of October, 2013.

 /s/  J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge