# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ANDREW HALL,

        Plaintiff,

    v.

HSBC MORTGAGE SERVICES, INC.,

        Defendant.

1:13-cv-1964-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [11] recommending that Defendant HSBC Mortgage Services, Inc.'s ("HSBC") Motion to Dismiss [4] be granted.  Also before the Court is Plaintiff Andrew Hall's Motion for Leave to File Plaintiff's First Amended Complaint [13], which was filed after the R&R was entered.

## I.    BACKGROUND[1]

On September 29, 2005, Plaintiff Hall obtained a loan in the amount of

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

$191,292.00 from Fieldstone Mortgage Company.  A Promissory Note and a

Security Deed granting Mortgage Electronic Registration Systems, Inc. ("MERS"),

as nominee for Fieldstone and its successors and assigns, a security interest in

property located at 4095 Jackie Drive, Douglasville, Georgia, were executed in

connection with the loan.  The Security Deed granted to MERS and its successors

and assigns "the right to foreclose and sell the Property[.]"

On June 25, 2010, MERS executed an Assignment to Defendant HSBC.

The Assignment was effective on April 5, 2010.

Plaintiff defaulted on the loan by failing to pay the amounts due under the

Note, and HSBC conducted a foreclosure sale on July 6, 2010.  On August 11,

2010, HSBC demanded possession of the property and initiated dispossessory

proceedings against Plaintiff.

On May 15, 2012, MSBC mailed Plaintiff a statement requesting a payment

of $20,913.60, consisting of a "Standard Payment" of $913.26, a past due amount

of $19,178.46, and unpaid late charges in the amount of $821.88.  Plaintiff issued a

check to HSBC on June 26, 2012, in the amount of $913.26.  HSBC cashed the

check on July 3, 2012.

On June 12, 2013, Plaintiff filed his Complaint against Defendant asserting

claims for Breach of Contract (Count One), wrongful eviction (Count Two), and

violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA") (Count Three).  Plaintiff bases his claims on the theory that HSBC's

acceptance of Plaintiff's check created a "quasi new agreement" between the

parties.  Defendant responded to the Complaint by filing a Motion to Dismiss

Plaintiff's Complaint [4] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

claim.

On October 22, 2013, Magistrate Judge Fuller issued his R&R

recommending that Defendant's Motion to Dismiss be granted on the grounds that

Plaintiff failed to state any claim on which relief can be granted.

On November 8, 2013, Plaintiff filed his Motion for Leave to File Plaintiff's

First Amended Complaint [13].  The Amended Complaint seeks to assert

additional factual allegations relating to his claims.  In them, Plaintiff claims that

HSBC failed to provide a notice of acceleration of the amount due under the Note,

that HSBC's foreclosure notice was improper, and that HSBC was merely the

servicer of the loan and did not have full authority to negotiate, amend, and modify

all terms of the loan.  Plaintiff asserts new claims for declaratory relief, that HSBC

failed to provide proper notice of foreclosure as required by O.C.G.A.

§ 44-14-162.2, and wrongful foreclosure.  He reasserted his claims for breach of

contract and violations of the FDCPA.  Plaintiff's Objections to the R&R [14]

consist of his request that the Court construe his Amended Complaint as objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).[2]  In the absence of cognizable

---

[2] The Plaintiff does not, in his First Amended Complaint or his Motion to Amend, object to any specific factual findings, conclusions, or recommendations of the R&R.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report"); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically

objections, the Court reviews the R&R for plain error.

      B.    <u>Analysis</u>

         *1.*    *The Final Report and Recommendation*

The Magistrate Judge recommended that Claim One, Plaintiff's breach of contract claim, be dismissed because Plaintiff failed to allege sufficient facts to show that the parties formed the "quasi new agreement" as Plaintiff alleged. The Magistrate Judge found that a quasi new agreement requires "more than breach on the part of one of the parties." <u>Phillips v. Ocwen Loan Serv., LLC</u>, No. 1:12-cv-386-WSD, 2013 WL 4854760, at *6 n.9 (N.D. Ga. Sept. 4, 2013). Both contracting parties must mutually consent to the departure of one party from the terms of the agreement. A quasi new agreement is not formed unless the act or conduct of one party justifies the other to believe the express contract provisions are waived. <u>Moody Nat'l RI Atlanta H, LLC v. RLJ III Finance Atlanta, LLC</u>, No. 1:09-cv-3676-WSD, 2010 WL 163296, at *5 (N.D. Ga. Jan. 14, 2010). HSBC demanded possession of the property in accordance with the Security Deed following Plaintiff's default by failing for a substantial number of months to make any payments, and initiated a dispossessory proceeding a month after the

---

identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

foreclosure sale.  By accepting a single note payment, HSBC did not relieve Plaintiff of his total arrearage under the Note and did not agree to waive its right arising from Plaintiff's considerable nonpayment and default.

The Magistrate Judge concluded that Plaintiff failed to show that both parties engaged in a "mutual departure from the terms of the . . . Security Deed," because Defendant's acceptance of the partial payment did not constitute mutual departure from the agreement.  The Court does not find any plain error in these findings or conclusions.  See Phillips, 2013 WL 4854760, at *6 n.9 (acceptance of partial payment is not evidence of mutual departure when it is precluded by language in the Security Deed); Moody Nat'l, 2010 WL 163296, at *5 (a quasi new agreement requires the parties to mutually consent to departure).

The Magistrate Judge next recommends that Plaintiff's wrongful eviction claim be dismissed on two grounds.  First, Plaintiff has not yet been evicted from the property and therefore, the claim is premature.  Second, the wrongful eviction claim relies on the "quasi new agreement," for which the Magistrate Judge found there was not an adequate basis.  The Court does not find any plain error in these findings or conclusions.  See Vikili v. Wells Fargo Home Mortg., Inc., No. CV 212-104, 2013 WL 3868170, at *5 (S.D. Ga. July 24, 2013) (stating that wrongful eviction may be pursued when the landlord evicts the tenant without

following dispossessory procedures).

The Magistrate Judge next recommended that Plaintiff's claim that Defendant violated the FDCPA be dismissed because Plaintiff owed the debt that Defendant attempted to collect.  Even if HSBC failed to confirm the foreclosure sale in accordance with O.C.G.A. § 44-14-161(a), HSBC was not prohibited from requesting that Plaintiff pay the debt that he owed, and was not prohibited from accepting payments on the debt Plaintiff owed under the Note.  The Court does not find any plain error in these findings or conclusions.  See Citizens Bank v. Wiggins, 167 B.R. 992, 994 (M.D. Ga. 1994) (explaining that while violation of O.C.G.A. § 44-14-161(a) precludes a creditor from suing to recover a deficiency, it does not extinguish the deficiency on the underlying debt).

Finding no plain error in the Magistrate Judge's findings and recommendations, the Court adopts the R&R and Defendant's Motion to Dismiss is granted.

      2.    *Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint*

Because Defendant's Motion to Dismiss is granted, there is not a complaint left in this action to amend.  Even if there were, the Motion to Amend would be denied.  Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or

by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Although the rule instructs that "leave shall be freely given when justice so requires," a district court may deny leave to amend for a number of reasons, including undue delay, bad faith, or when such amendment would be futile.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004); see also Maynard v. Bd. of Regents of Div. of Univs., 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that district court did not abuse its discretion in denying a motion to amend filed on last day of the discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case,  . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier.").  The decision whether to grant leave to amend rests in the sound discretion of the district court.  Hall, 367 F.3d at 1262.

Plaintiff moved to amend his Complaint 1) to add additional factual allegations that HSBC failed to provide a notice of acceleration, that HSBC's foreclosure notice was improper, and that HSBC was merely the servicer of the loan, 2) to assert new claims for declaratory relief, violation of O.C.G.A. § 44-14-162.2, and wrongful foreclosure, and 3) to reassert his claims for breach of contract and violations of the FDCPA.  Plaintiff asserts that these amendments are not untimely, but does not explain why they were not included in the original

Complaint.

The facts Plaintiff seeks to amend were known to the Plaintiff at the time the original Complaint was filed, and his additional claims are based upon these facts. "Such unexplained tardiness constitutes undue delay." Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir. 2004); see also Maynard, 342 F.3d at 1287 (denial of motion to amend was proper where "there seems to be no good reason why [the plaintiff] could not have made the motion earlier"). The Court notes that Plaintiff did not file his motion until after the Magistrate Judge issued the R&R recommending dismissal of his claims and arguments. To the extent that Plaintiff, after the R&R was entered, sought to present his claims under a new legal theory, his motion must be denied.

Even if it were timely, Plaintiff's Motion for Leave to File First Amended Complaint is required to be denied because Plaintiff's proposed amendments would be futile. "[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). "Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255

(11th Cir. 2008).

Plaintiff's proposed amendments seek to assert that HSBC violated its notice requirements, giving rise to claims of wrongful foreclosure, breach of contract, and violation of the FDCPA.  Defendant, in its Response in Opposition [15], argues that all claims stem from the foreclosure sale, and Plaintiff is precluded from bringing an action to set aside a foreclosure sale unless he has tendered the amount due on the underlying mortgage.  Plaintiff, in his Reply to Defendant's Response [16], argues that "Plaintiff has not admitted that she was in default under the loan, only that she fell behind in her monthly mortgage payments and, in any event, Defendants have not advised the Plaintiff or this Court what sums it believes that are due or, moreover, that any sums are due at all."  (Reply to Def.'s Resp. at 2-3.) However, in both Plaintiff's Complaint and First Amended Complaint, Plaintiff admits, "In or around late 2009, Plaintiff began having difficulty making payments on the Note and defaulted."  (Pl.'s First Am. Compl. [13.1] at 3; see also Compl. [1] at 3.)  In the statement requesting payment sent May 12, 2012, HSBC listed the principal payment due, the amounts that were past due, and the remaining balance on the loan.  ([1.1] at 28.)

Plaintiff is not entitled to an award of damages because he has not sufficiently alleged causation.  "Even where a borrower has established duty and

breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." Mei Kuan Chen v. Wells Fargo Bank, N.A., No. 1:13-cv-3037-TWT, 2014 WL 806916 at *2 (N.D. Ga. Feb. 27, 2014) (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004)).  Plaintiff has failed to allege any facts to support that a statutorily sufficient notice would have allowed him to cure his default or successfully petition for a loan modification.  For this additional reason, Plaintiff's proposed amendments are futile, and his motion must be denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") is **ADOPTED**.  Defendant HSBC's Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Andrew Hall's Motion for Leave to File Plaintiff's First Amended Complaint [13] is **DENIED**.


**SO ORDERED** this 11th day of March, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE