## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANDREW HALL,

                    **Plaintiff,**

    **v.**                                        **1:13-cv-1964-WSD**

HSBC MORTGAGE SERVICES,
INC.,

                    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Andrew Hall's ("Plaintiff" or "Hall") Motion to Vacate and Set Aside Final Order ("Motion") [26]. Plaintiff seeks reconsideration of the Court's March 11, 2014, Order ("March 11th Order") [18], in which the Court adopted Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [11], granted Defendant HSBC Mortgage Services, Inc.'s ("Defendant" or "HSBC") Motion to Dismiss [4], and denied Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint ("Motion to Amend") [13].

## I.   BACKGROUND

This action arises from a foreclosure on real property following Plaintiff's default on the mortgage loan secured by the property.

On June 12, 2013, Plaintiff his Complaint [1] asserting claims for breach of contract (Count One); wrongful eviction (Count Two); and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count Three). Plaintiff, in his Complaint, argues that Defendant breached its contractual duties under the Security Deed because Defendant's acceptance of Plaintiff's payments for less than the full amount due formed a quasi-new agreement, departing from the terms of the original loan between Plaintiff and Defendant.  (Compl. ¶ 14).

On October 22, 2013, Magistrate Judge Fuller issued his R&R, recommending that Defendant's Motion to Dismiss be granted.

On November 8, 2013, after the R&R was issued, Plaintiff filed his Motion to Amend, seeking to add additional claims for declaratory relief (Count One), breach of contract (Count Two), "violation of O.C.G.A. § 44-14-162.2" (Count Three), wrongful foreclosure (Count Four), and violation of the FDCPA (Count Five).  The crux of Plaintiff's argument in his Amended Complaint is that Defendant violated Paragraph 22 of the Security Deed, which provides:

> **22.  Acceleration; Remedies**.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security [Deed] . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security [Deed] and sale of the Property.

> . . . If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security [Deed] without further demand and may invoke the power of sale granted by Borrower . . . .

(Security Deed ¶ 22).  Plaintiff argues that Defendant breached the Security Deed because it failed to give him proper notice of the default and an opportunity to cure it before acceleration.  Plaintiff asserts that "HSBC breached this obligation and prematurely accelerated the debt and conducted a foreclosure sale of Plaintiff's Property by failing to provide adequate notice of default and acceleration to Plaintiff and by failing to make any effort whatsoever to provide said notice to Plaintiff."  (Am. Compl. [13.1] ¶ 33).  Plaintiff did not provide any evidence to support this claim and argument.

On March 11, 2014, the Court granted Defendant's Motion to Dismiss and expressly rejected Plaintiff's argument that he and Defendant formed a quasi-new agreement, finding that Plaintiff failed to state a claim for mutual departure, pursuant to O.C.G.A. § 13-4-4, because Plaintiff failed to allege facts sufficient to support that he and HSBC made a mutual departure from the terms of his loan and Security Deed.  The Court denied Plaintiff's Motion to Amend on the ground that it was untimely and the claims that Plaintiff sought to add in the Amended Complaint would be futile.  The Court, in its March 11th Order, specifically stated

that "Plaintiff is not entitled to an award of damages because he has not

sufficiently alleged causation."  (March 11th Order at 10).

Plaintiff appealed the Court's decision to the United States Court of Appeals

for the Eleventh Circuit [20].

On September 19, 2014, the Eleventh Circuit affirmed the Court's decision.

See Hall v. HSBC Mortg. Serv., Inc., 581 F. App'x 800 (11th Cir. 2014).  The

Eleventh Circuit agreed that Plaintiff's Motion to Amend would be futile because

> [a]lthough Hall claims that the letters and notices HSBC sent to him
> did not comply with the notice requirements of the security deed, Hall
> nowhere provides the actual content of those letters and did not attach
> them as exhibits to his proposed amended complaint.  Instead, Hall
> merely "tender[ed] naked assertions devoid of further factual
> enhancement" which did not allow "the court to draw the reasonable
> inferences that the defendant is liable for the misconduct alleged."
> Hall also failed to plead sufficient facts plausibly raising an inference
> of causation and damages stemming from HSBC's alleged breach of
> contract.

Id. at 803.  The Eleventh Circuit, citing BAC Loans Serv., L.P. v. Wedereit, 759

S.E.2d 867, 872 (Ga. Ct. App. 2014), found further that Plaintiff's breach of

contract claim failed because Plaintiff did not plead facts showing causation and

damages resulting from Defendant's alleged failure to give him proper notice of

the default and an opportunity to cure it before acceleration.

On October 10, 2014, Plaintiff filed his Motion.  He argues that the Court

should reconsider its March 11th Order and grant his Motion to Amend because, in

4

view of the Georgia Court of Appeals' decision in <u>Wedereit</u>, his proposed

Amended Complaint is not futile.  Plaintiff asserts that he "only recently became

aware of" <u>Wedereit</u>, which was decided "after this court's final order was entered

on or about March 11, 2014," and that he "presented his brief on appeal prior to the

outcome was known in [] <u>Wedereit</u>."  (Mot. at 4-5).

## II.    DISCUSSION

### A.    <u>Legal Standard</u>

Plaintiff filed his Motion for Reconsideration pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure.  Rule 60(b) provides limited circumstances

under which a Court can relieve a party from a final judgment or order, including:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time;

(3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged,

reversed or vacated; or (6) any other reason that justifies relief.  Fed. R. Civ. P.

60(b); <u>Rease v. Harvey</u>, 376 F. App'x 920, 921 (11th Cir. 2010).

The Court does not reconsider its orders as a matter of routine practice, and

motions for reconsideration must be filed "within twenty-eight (28) days after the

entry of the order or judgment."  LR 7.2 E., NDGa.  A motion for reconsideration

should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."); cf. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Motions for reconsideration are left to the sound discretion of the district court.  See Region 8 Forest Serv. Timber Purch. Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

B.    Analysis

Plaintiff argues that the Court erred in denying his Motion to Amend, and he relies on the Georgia Court of Appeals' decision in Wedereit to support that his proposed Amended Complaint is not futile.  Plaintiff's reliance on Wedereit is misplaced.[1]

_____

[1]    The Court notes that the Eleventh Circuit specifically cited to Wedereit—the same case on which Plaintiff relies to support reconsideration—in finding that

In <u>Wedereit</u>, after denying BAC's motion for summary judgment, the trial court *sua sponte* granted summary judgment to Wedereit on his claim for breach of contract based on BAC's failure to give notice before accelerating Wedereit's loan, and granted Wedereit leave to amend his complaint to state a claim for wrongful foreclosure based on the lack of pre-acceleration notice.  On appeal, the Georgia Court of Appeals affirmed, finding that BAC failed to comply with paragraph 22 of the security deed because, although the letters it sent to Wedereit gave him notice that he was in default, they stated that he owed the full accelerated amount of the loan, and did not provide notice of the action required to cure the default, the date by which to cure, that failure to cure would result in acceleration, or that the plaintiff had a right to reinstatement after acceleration.  <u>Id.</u> at 871.  The Court of Appeals noted, however, that "to prevail on his claim for breach of contract, Wedereit still has to show damages resulting from [the defendant's] failure to give pre-acceleration notice."  <u>Id.</u> at 872.  Regarding Wedereit's claim for wrongful foreclosure based on the alleged premature acceleration, the Court of Appeals held that there was "a genuine issue of material fact as to whether BAC's failure to provide proper pre-acceleration notice entitles Wedereit to damages or equitable relief."  <u>Id.</u> at 873.

---

Plaintiff failed to plead facts sufficient to support his breach of contract claim and affirming the Court's March 11th Order denying Plaintiff's Motion to Amend.

On June 15, 2015, the Georgia Supreme Court reversed, holding that "[b]ecause the record does not support the conclusion that Wedereit carried his burden of proving that he was entitled to summary judgment as a matter of law on his breach of contract claim, the trial court erred in awarding summary judgment *sua sponte* to Wedereit." See No. S14G1862, 2015 WL 3658827, at *4 (Ga. June 15, 2015). The Georgia Supreme Court found that, although Wedereit claimed in his complaint that BAC had breached the security deed, he did not allege how it was breached and, in response to BAC's motion for summary judgment, Wedereit "submitted no evidence to affirmatively show that he could carry his burden of proving the merits of his breach of contract claim." Id. at * 2. Although the letters in the record did not comply with the terms of the security deed, "the fact that a defendant is not entitled to summary judgment on a plaintiff's breach of contract claim does not mean that the plaintiff is then automatically entitled to *sua sponte* summary judgment on that claim." Id. To be entitled to summary judgment, a plaintiff must show "that there is no genuine issue of material fact as to every element of his or her claims," and therefore "it cannot be said that, where a defendant is unable to show that there is no evidence sufficient to create a jury issue on at least one essential element of a plaintiff's case, a

8

plaintiff has automatically carried his or her burden of proving every element of his or her case such that he or she is entitled to judgment as a matter of law."  Id. at *3.

Here, Plaintiff fails to allege facts sufficient support to support his claim for breach of contract.  It is well-settled that, to state a claim for breach of contract under Georgia law, a plaintiff must show (1) a valid contract; (2) material breach of its terms; and (3) damages arising from that breach.  See Budget Rent-A-Care of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996); see also Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130 (11th Cir. 2014).  Plaintiff fails to allege any facts to support his conclusory assertion that Defendant did not comply with the notice requirements in the Security Deed, including because he does not submit, or otherwise describe, the allegedly deficient letters.[2]

Even if he did provide the letters, Plaintiff fails to allege any facts to support that he suffered damages as a result of Defendant's alleged breach.  It is undisputed that Plaintiff had already defaulted on his loan obligations when the alleged breach occurred.  Plaintiff asserts in his proposed Amended Complaint that "[i]n or around late 2009, Plaintiff began having difficulty making payments on the Note and defaulted."  (Am. Compl. ¶ 10).  Plaintiff does not allege any facts to show that a

---

[2]     The Court notes that, even after the Eleventh Circuit's decision, Plaintiff still has not "provide[d] the actual content of [any] letters and did not attach them as exhibits to his [Motion]."  See Hall, 581 F. App'x at 803.

notice complying with Paragraph 22 of the Security Deed would have prevented the July 6, 2010, foreclosure.

That Plaintiff suffered "damage to his credit and reputation" was the result of Plaintiff's failure to make his loan payments, not the result of Defendant's alleged breach.  See, e.g., Bates, 768 F.3d at 1132-33 (Mortgagor "must show that the premature or improper exercise of some power under the deed . . . resulted in damages that would not have occurred but for the breach."); Rourk v. Bank of Am., N.A., 587 F. App'x 597 (11th Cir. 2014) (mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her 'alleged injury was solely attributable to her own acts or omissions.'") (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004)).  Plaintiff fails to show that he suffered damages caused by Defendant's alleged breach of the Security Deed and premature acceleration, and Plaintiff's claims in his proposed Amended Complaint are futile.  Nothing in Wedereit suggests otherwise.[3]

_____

[3]     Although Plaintiff asserts in his Amended Complaint that he "has suffered the loss of his Property, mental anguish, emotional pain and suffering and damage to his credit reputation as a result of HSBC's breach of the parties' contract"  (Am. Compl. ¶ 35), damages for mental anguish and emotional pain and suffering cannot be recovered in a breach of contract claim.  See Davis v. Aetna Cas. & Sur. Co., 314 S.E.2d 913, 917-918 (Ga. Ct. App. 1984), rev'd in part on other grounds, 320 S.E.2d 368 (Ga. 1984); Cummings v. Prudential Ins. Co. of Am., 542 F. Supp. 838,

Plaintiff does not assert the existence of "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, or that the judgment has been satisfied or is no longer applicable. Plaintiff's arguments in his Motion and the claims and allegations in his Amended Complaint have already been considered and rejected by this Court and the Eleventh Circuit. Plaintiff simply has not demonstrated any basis upon which the Court should reconsider its March 11th Order. Plaintiff fails to address the bases on which the Court found that Plaintiff's proposed Amended Complaint was futile; specifically, that Plaintiff failed to describe the content of Defendant's allegedly defective letters and failed to allege facts to support a causal connection between the allegedly defective notice and his claimed damages. Plaintiff's Motion is required to be denied.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Andrew Hall's Motion for Reconsideration [26] is **DENIED.**

---

841 (S.D. Ga. 1982) (under Georgia law, damages for mental suffering arising out of breach of contract, absent breach of a duty independent of contract, are not recoverable).

**SO ORDERED** this 28th day of July, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE